# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| COMPLETE MERCHANT SOLUTIONS, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT UNDER F.R.C.P. 15(a)(2) (DOC. NO. 42)**<br><br>Case No. 2:19-cv-00963-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Complete Merchant Solutions, LLC's ("CMS") Motion for Leave to Amend Complaint Under F.R.C.P. 15(a)(2) (Doc. No. 42). Having considered the parties' briefing and arguments at the June 11, 2020 hearing (Doc. No. 50), the court GRANTS the motion for the reasons set forth below.

## PROCEDURAL HISTORY

CMS filed this action against Defendant, the Federal Trade Commission ("FTC"), on December 5, 2019. (*See* Compl. for Declaratory and Inj. Relief ("Compl."), Doc. No. 2.) The Complaint asserts claims arising from the FTC's investigation of CMS, which has been ongoing since 2017. (*Id.* ¶¶ 3, 5, 62–63, 95–102.) CMS alleges the FTC has acted beyond the scope of its statutory authority in its investigation and asserts two claims seeking declaratory and injunctive relief. (*Id.* ¶¶ 93–102.) The first claim seeks a declaration that CMS has not violated 15 U.S.C. § 45(a) of the Federal Trade Commission Act ("FTC Act") and an injunction against further action by the FTC premised on such alleged violations. (*Id.* ¶ 98.) The second claim seeks a declaration that the FTC is not entitled to relief under 15 U.S.C. § 53(b) of the FTC Act

1

and an injunction against further action by the FTC under 15 U.S.C. § 53(b) related to the issues in this litigation. (*Id.* ¶ 102 & Prayer for Relief.) The FTC moved to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, a motion which remains pending. (Mot. to Dismiss 1, Doc. No. 35.)

After the motion to dismiss was filed, CMS moved for leave to amend the Complaint on March 19, 2020, seeking leave to add new claims against the FTC based on newly discovered information about Civil Investigative Demands ("CIDs") the FTC issued to third parties during its investigation. (Pl.'s Mot. for Leave to Amend Compl. Under F.R.C.P. 15(a)(2) ("Mot.") 1–5, Doc. No. 42.) The FTC filed a memorandum opposing CMS's motion to amend on the basis that the proposed amendment would be futile. (FTC's Opp'n to Pl.'s Mot. to Amend ("Opp'n") 2, Doc. No. 44.) CMS filed a reply (Doc. No. 45), and the court held a hearing on the motion on June 11, 2020 (Doc. No. 50). After the hearing, both parties submitted notices of supplemental authority (Doc. Nos. 51 & 52) and responses (Doc. Nos. 53 & 54).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings before trial. Unless the amendment is permitted as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "'[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). However, Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim

to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend. *Minter*, 451 F.3d at 1207. However, the court may also refuse to allow amendment if the proposed amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (internal quotation marks omitted).

## **DISCUSSION**

CMS seeks leave to amend its Complaint to add three new claims related to CIDs the FTC issued to third parties during its investigation. (Mot. 1–2, Doc. No. 42.) The CIDs included cover letters instructing the recipients to keep the CIDs confidential from CMS. (*Id.* at 4.) CMS asserts that those confidentiality instructions "falsely imply that CMS is not only the subject of a law enforcement investigation, but that CMS would interfere with the investigation were the CID recipients to communicate with CMS." (*Id.*) CMS proposes three new claims based on the confidentiality instructions: (1) a claim that the FTC exceeded its statutory authority under the FTC Act by issuing the confidentiality instructions, which seeks declaratory and injunctive relief; (2) a claim that the FTC exceeded its authority under federal rules implementing the FTC

Act by issuing those instructions, which seeks declaratory and injunctive relief; and (3) a defamation claim seeking injunctive relief. (Ex. A to Mot., Proposed First Am. Compl. ¶¶ 122–135, Doc. No. 42-1.)

The FTC argues the motion to amend should be denied as futile because each of CMS's proposed new claims would be subject to dismissal. (Opp'n 1, Doc. No. 44.) The FTC contends the two new claims for declaratory and injunctive relief would be subject to dismissal (1) for lack of subject matter jurisdiction because there is no reviewable agency action under the Administrative Procedure Act ("APA"), and no other statute provides a cause of action; and (2) for failure to state a plausible claim for relief because issuing the instruction was within the FTC's legal authority. (*Id.* at 1, 5–9.) The FTC contends the proposed defamation claim would be subject to dismissal (1) for lack of subject matter jurisdiction because the government has not waived sovereign immunity for defamation claims; and (2) for failure to state a plausible claim for relief because the statements at issue were either true or matters of opinion. (*Id.* at 1, 3–5.) The FTC does not assert any other grounds for denial of leave to amend apart from futility.

In its reply, CMS argues undue prejudice is a "gateway issue" and, because the FTC fails to assert undue prejudice, the court's inquiry should end and the motion should be granted. (Pl.'s Reply in Support of Mot. for Leave to Amend Compl. Under F.R.C.P. 15(a)(2) ("Reply") 1–4, Doc. No. 45.) CMS further argues that its claims are not futile. (*Id.* at 1–2, 4–10.)

As an initial matter, the court rejects CMS's contention that futility alone is an insufficient basis to deny a motion to amend without a showing of undue prejudice. Tenth Circuit precedent makes clear that futility of the proposed amendment is an independent basis to deny leave to amend. *See Suiters*, 499 F.3d at 1238 ("A district court may refuse to allow amendment if it would be futile."); *see also Bylin*, 568 F.3d at 1229 (indicating that denial of

leave to amend is "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, *or* futility of amendment." (emphasis added) (internal quotation marks omitted)). Although undue prejudice to the opposing party has been characterized as the "most important" factor in deciding whether to allow leave to amend, *see Minter*, 451 F.3d at 1207, undue prejudice need not be shown if another ground justifies denial of leave to amend. *See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) ("[A] district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' Prejudice to the opposing party need not be shown also."). Indeed, the Tenth Circuit has repeatedly affirmed denial of leave to amend based on futility alone. *See*, *e.g.*, *Doe v. Woodard*, 912 F.3d 1278, 1302 n.28 (10th Cir. 2019); *Peterson v. Grisham*, 594 F.3d 723, 731 (10th Cir. 2010); *Suiters*, 499 F.3d at 1238–39; *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199–1201 (10th Cir. 2006).

Nevertheless, it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions. *See Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011-JNP, 2018 U.S. Dist. LEXIS 162268, *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 U.S. Dist. LEXIS 38502, *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility argument based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss). Particularly where

5

futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse," and "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230-CMA-MJW & 16-cv-01215-CMA-MJW, 2017 U.S. Dist. LEXIS 223891, *10 (D. Colo. Feb. 21, 2017) (unpublished), *R&R adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017).

The court is persuaded this is the appropriate approach in this case. For the reasons set forth below, the court concludes the futility arguments raised by the FTC would be more properly addressed in the context of dispositive motions and, therefore, declines to engage in a futility analysis here.

First, the FTC's argument that the court lacks jurisdiction over the new declaratory and injunctive relief claims parallels its jurisdictional argument in the pending motion to dismiss. In that motion, the FTC argues the court lacks subject matter jurisdiction over CMS's existing claims because CMS fails to allege a final agency action as required for review under the APA and no other statute provides a cause of action to support federal jurisdiction. (Mot. to Dismiss 1, 7–10, Doc. No. 35.) In its opposition to the motion to amend, the FTC make these same arguments to support its contention that CMS's proposed new claims are futile. (Opp'n, 1, 5–7.) Indeed, the FTC's opposition specifically references and incorporates the arguments from its motion to dismiss. (*Id.* at 5–6.) Rather than addressing parallel jurisdictional arguments as to the existing claims and proposed claims piecemeal in the context of two separate motions, the court finds these arguments would be more properly addressed as to all claims in the context of a motion to dismiss. *See Obeslo*, 2017 U.S. Dist. LEXIS 223891, at *10.

Second, the FTC's futility arguments premised on CMS's purported failure to state plausible claims for relief "force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief," *Obeslo*, 2017 U.S. Dist. LEXIS 223891, at *10, and in some instances raise issues on the merits better suited for a motion for summary judgment. The FTC argues the declaratory and injunctive relief claims must fail because the FTC acted within its authority in issuing the confidentiality instructions. (Opp'n 7–9, Doc. No. 44.) This argument, however, goes to the merits of whether the FTC exceeded its authority under the FTC Act and its implementing rules, as CMS claims. The FTC also argues the defamation claim fails to state a claim for relief because the statements at issue were either true or matters of opinion. (Opp'n 5, Doc. No. 44.) However, CMS claims the statements at issue were both literally false and also created a false implication (Reply 9–10, Doc. No. 45; Ex. A to Mot., Proposed First Am. Compl. ¶ 130, Doc. No. 42-1). *See Hogan v. Winder*, 762 F.3d 1096, 1105 (10th Cir. 2014) ("[E]ven if a statement is not directly defamatory because it is true, it can be defamatory by implication."). To the extent the truth of the statements is disputed, the FTC's arguments go to the merits of the claim and raise factual issues not appropriate for resolution at this stage of the case.[1] *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1137 n.8 (10th Cir. 2014) ("[A] disputed issue of substantial truth is an issue of fact best resolved by summary judgment after discovery or before a jury.").

---

[1] Whether an alleged defamatory statement is substantially true may be decided as a matter of law on a motion to dismiss "[w]hen underlying facts as to the gist or sting are undisputed." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1137 (10th Cir. 2014) (internal quotation marks omitted); *see also Vowell v. Gannett Satellite Info. Network, LLC*, No. 2:16-CV-449-DAK, 2017 U.S. Dist. LEXIS 17846, *3–6 (D. Utah Feb. 6, 2017) (unpublished) (dismissing a defamation claim based on a finding that the statement was substantially true). The court declines to decide, in the context of a motion to amend, whether CMS's factual allegations create a dispute as to substantial truth sufficient to survive a motion to dismiss. This issue may be addressed along with the FTC's other arguments in the context of a dispositive motion.

Accordingly, the court declines to consider these arguments in the context of a motion to amend. *See Stender*, 2011 U.S. Dist. LEXIS 38502, at *10–11.

The FTC also asserts the proposed defamation claim is futile because there is no waiver of sovereign immunity as to this claim. (Opp'n 3–4, Doc. No. 44.) CMS responds that the APA's waiver of sovereign immunity applies because the Tenth Circuit has held that the APA's waiver extends to all claims for non-monetary relief, which CMS argues would include its defamation claim seeking only injunctive relief. (Reply 2, 7–9, Doc. No. 45.) CMS, however, fails to cite any cases permitting a defamation claim to proceed against a government agency. Regardless of the merits of the parties' arguments, this issue—although not duplicative of other arguments in the motion to dismiss—nevertheless could be raised in a motion to dismiss that also addresses the FTC's other arguments. Given that this case is in its early stages, the FTC does not allege any delay or undue prejudice resulting from the proposed amendment, and the FTC makes other arguments which would be more appropriately addressed in the context of dispositive motions, the court declines to consider the FTC's sovereign immunity argument here.

## CONCLUSION

The court concludes the FTC's futility arguments would be more properly addressed in the context of dispositive motions and, therefore, declines to engage in a futility analysis here. The FTC does not assert any other grounds for denial of leave to amend. Therefore, for the reasons set forth above, the court GRANTS CMS's motion for leave to amend the Complaint. CMS is ORDERED to file the First Amended Complaint at Doc. No. 42-1 within seven (7) days of the date of this order.

DATED this 21st day of July, 2020.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge